UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL WHITFIELD,<br><br>　　　　　　　　Plaintiff,<br>v.<br>KATHLEEN DRAKULICH, *et al.*,<br>　　　　　　　　Defendants. | Case No. 3:21-cv-00444-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Michael Whitfield filed his complaint in this action on October 13, 2021, naming Nevada state judges Kathleen Drakulich, Abbi Silver, James Hardesty, Lidia Stiglich, Elisa Cadish, and Douglas Herndon as defendants. (ECF No. 1.) The Court issued a notice of intent to dismiss both defendants pursuant to Fed. R. Civ. P. 4(m) unless proof of service is filed by March 9, 2022. (ECF No. 6.) Whitfield has filed two documents entitled "certificate of service" on the docket (ECF Nos. 4, 7), both of which indicate that he sent his complaint via certified mail to the named defendants at the Nevada Supreme Court. As explained below, these filings do not establish proper proof of service.

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. When a plaintiff sues a party in a federal district court, service is proper when it complies with the law of the state in which the federal district court is located. *See* Fed. R. Civ. P. 4(e)(1). Because this Court is located in the District of Nevada, the Court looks to the Nevada Rules of Civil Procedure. Under the Nevada Rules of Civil Procedure:

> [S]ervice may be made on an individual: (1) by delivering a copy of the summons and complaint to the individual personally; (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served;

> or (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to received service of process.

Nev. R. Civ. P. 4.2(a). "Unless a defendant voluntarily appears or waives or admits service, a plaintiff must file proof of service with the court stating the date, place, and manner of service no later than the time permitted for the defendant to respond to the summons." Nev. R. Civ. P. 4(d). "Proof of service within Nevada or within the United States must be made by affidavit from the person who served the summons and complaint." Nev. R. Civ. P. 4(d)(1). Summonses must be served by a person who is not a party to the action. *See* Nev. R. Civ. P. 4(c)(3). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Whitfield has not indicated that he has properly served or properly attempted to service any defendant. His "certificates of service" indicate that he sent the Complaint to the named defendants via certified mail, and he filed receipts on the docket. (ECF No. 3.) However, Nevada does not permit individuals residing within the country to be served via certified mail. *See* Nev. R. Civ. P. 4.2(a). Nor is it proper for a plaintiff to attempt to serve an individual by leaving the complaint with another employee at their place of work. Moreover, Whitfield himself may not serve the named defendants in this action, but must instead use either a sheriff, deputy sheriff, or "any person who is at least 18 years old and not a party to the action." Nev. R. Civ. P. 4(c)(3). Additionally, Whitfield has not indicated, nor is it reflected on the docket, that the Clerk of Court issued summonses for either defendant. *See* Nev. R. Civ. P. 4(a)-(b).

///
///
///
///
///
///

In light of Whitfield's *pro se* status, the Court will extend the deadline for Whitfield to serve the defendants by April 7, 2022. The Court will dismiss this action without prejudice if Whitfield failed to complete service of process by April 7, 2022.

DATED THIS 10th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE