UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL WHITFIELD, | Case No. 3:21-cv-00444-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| KATHLEEN DRAKULICH, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Michael Whitfield filed this action on October 13, 2021, against six Nevada state court judges and justices: Judge Kathleen Drakulich, Justice Abbi Silver, Justice James Hardesty, Justice Lidia Stiglich, Justice Elisa Cadish, and Justice Douglas Herndon. (ECF No. 1.) The Court issued a notice of intent to dismiss pursuant to Fed. R. Civ. P. 4(m) unless proof of service was filed by March 9, 2022. (ECF No. 6.) In light of Whitfield's *pro se* status, the Court *sua sponte* extended the deadline to April 7, 2022. (ECF No. 8 (the "extension order").) The extension order included explanation of proper service in Nevada pursuant to Rule 4 of the Nevada Rules of Civil Procedure. (*Id.* at 1-2.)

On April 6, 2022, Whitfield filed a motion for clarification "re service of process" (ECF No. 9), explaining his attempts to serve Defendants and asking the Court to clarify how to serve Defendants. The Court acknowledges that Whitfield has attempted in good faith to serve Defendants. However, the Court's role is not to provide legal advice, even to a litigant who is proceeding *pro se*. *See Pliler v. Ford*, 542 U.S. 225, 232 (2004); *see also Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants.").[1] In its extension order, the Court informed Whitfield of the rules for service; it will not, however, advise Whitfield on

---

[1] The Court notes that there are a variety of legal services available to parties proceeding *pro se*, and resources may be found on the Court's website, available at: https://www.nvd.uscourts.gov/self-help/representing-yourself-assistance/.

what steps he specifically should take to serve Defendants. Because the deadline to serve Defendants has expired and Whitfield has not filed proof of service for any Defendant, the Court will dismiss this action without prejudice. If Whitfield wishes to pursue his claims, he must file a new action and properly serve any named defendants.[2]

It is therefore ordered that Whitfield's motion for clarification (ECF No. 9) is denied.

It is further ordered that that this action is dismissed without prejudice.

The Clerk of Court is directed to enter judgement accordingly and close this case.

DATED THIS 12th Day of April 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Whitfield does wish to file a new action, he may consider that "[a] long line of Supreme Court precedents acknowledges that, generally, a judge is immune from a suit for money damages." *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021). There are "only two circumstances" when judicial immunity does not protect a judge from suit: (1) when the complained of action is not "a function normally performed by a judge" and does not deal with the judge "in [their] judicial capacity," and (2) when an action, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

2